```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,          :
                                   :      **SUMMARY ORDER**
         -against-                 :
                                   :      03-CR-909 (DLI)
WILFRED BURKETT, *pro se*,         :
                                   :
                      Defendant.   :
-------------------------------------------------------x
```
**DORA L. IRIZARRY, U.S. District Judge:**

On October 7, 2004, *pro se*[1] defendant Wilfred Burkett was convicted of conspiracy to distribute, and the distribution of, more than 50 grams of crack cocaine. On October 5, 2005, defendant was sentenced to the then-applicable statutory minimum of 120 months imprisonment. On August 9, 2010, defendant filed the instant motion requesting a sentence reduction. For the reasons set forth below, the motion is denied.

**I. Background**

On October 7, 2004, following a jury trial, defendant was convicted of conspiracy to distribute, and distribution of, more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(iii) and 841(b)(1)(C). On January 10, 2005, the Hon. Charles P. Sifton, Senior U.S. District Judge, sentenced defendant to 151 months' imprisonment. Following an appeal by defendant, the Court of Appeals for the Second Circuit remanded the case for re-sentencing pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). On October 5, 2005, Judge Sifton re-sentenced the defendant to the then-applicable statutory minimum of 120 months imprisonment, notwithstanding the then-applicable U.S. Sentencing Guidelines ("U.S.S.G.") range of 121-151 months. Following another appeal

---

[1] Because defendant is a *pro se* litigant, the court, in deciding this motion, has construed defendant's papers broadly, interpreting them to raise the strongest arguments they suggest. *See Weixel v. Bd. of Educ. of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002).

by defendant, the Court of Appeals summarily affirmed his conviction and sentence on June 6, 2008.

On November 1, 2007, the U.S. Sentencing Commission's amendment of the Drug Quantity Table in U.S.S.G. § 2D1.1(c) with respect to offense levels for crack cocaine offenses became effective ("Amendment 706"). Effective March 3, 2008, Amendment 706 applied retroactively under U.S.S.G. § 1B1.10(c). Under the amended Guidelines, the quantity of crack cocaine involved in defendant's offense would result in a base offense level of 30, resulting in a Guidelines range of 97-121 months. *See* U.S.S.G. § 2D1.1(c) (2007).

On August 3, 2010, President Obama signed the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-222, 124 Stat. 2372 (2010), which increased the amount of crack cocaine required to trigger mandatory minimum sentences. As relevant to defendant, a 120-month minimum sentence is now mandatory only for offenses involving 280 grams or more of crack.

On August 9, 2010, defendant filed the instant motion requesting a sentence modification pursuant to 18 U.S.C. § 3582 in light of Amendment 706, and the FSA.

**II. Discussion**

Pursuant to 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*." (emphasis added). Defendant argues that in light of this provision and Amendment 706, the court should re-sentence him using a base offense level of 30 and, applying a Criminal History Category of I, the resulting Guidelines range of 97-121 months imprisonment.

United States Sentencing Guidelines § 1B1.10, application note 1, subsection 1(A) states: "A reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) *and is not consistent with this policy statement* . . . [if] the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g., a statutory mandatory minimum term of imprisonment*)." (emphasis added). The Second Circuit has held that courts are bound by the language of this policy statement. *See e.g., United States v. Williams*, 551 F.3d 182, at 186 (2d Cir. 2009) (noting that defendant was "ineligible for a modification of his sentence under § 3582(c)(2) because his sentence was based on the statutory minimum"); *United States v. Torres*, 391 Fed. App'x. 903, 905 (2d Cir. 2010) (denying motion under § 3582(c)(2) where defendant had been sentenced to mandatory minimum, notwithstanding retroactive amendment to crack cocaine offenses). During defendant's re-sentencing in 2005, Judge Sifton sentenced defendant to the then-applicable mandatory minimum sentence of 120 months' imprisonment. Thus, defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

Moreover, the FSA is of no avail to defendant. Courts have declined to apply the FSA retroactively because it "contains no express statement that it is intended to have retroactive effect nor [can it be inferred] from its language." *United States v. Glover*, 2010 WL 4250060, at *2 (2d Cir. October 27, 2010) (citing 1 U.S.C. § 109 ("The repeal of any statute shall not have the effect to release or extinguish any penalty . . . incurred under such statute, unless the repealing Act shall so expressly provide . . . .")). As such, defendant's motion for resentencing under the FSA is denied.


## III. Conclusion

For the reasons set forth above, defendant's sentence may not be reduced pursuant to either the 2007 crack cocaine amendments to the U.S. Sentencing Guidelines or the Fair Sentencing Act of 2010. Accordingly, defendant's motion is denied in its entirety.

SO ORDERED.

DATED:    Brooklyn, New York
               March 2, 2011

                                               _____/s/_____
                                                    DORA L. IRIZARRY
                                                United States District Judge